IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Saleshea Peterson, on behalf of her minor child, X.C., <br><br>Plaintiffs, <br><br>v. <br><br>John Doe No. 1, John Doe No. 2, and the City of Chicago, <br><br>Defendants. | Case No. 17-cv-6289 <br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE SUPPLEMENTAL CLAIMS <br><br>JURY DEMANDED |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action for constitutional violations by Chicago police officers.

2. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

3. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

4. Plaintiff invokes supplemental jurisdiction over his state law claim pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in the Northern District of Illinois under 28 U.S.C. Section 1391 because the acts complained of occurred here and the Defendants reside here.

### PARTIES

6. At all times herein mentioned, Plaintiff, SALESHEA PETERSON, was and is a citizen of the United States, and resides within the jurisdiction of this court.

7. X.C. is Peterson's son.

8. X.C. is 17 years old.

9. At all times herein mentioned, "John Doe No. 1" was employed by the City of Chicago as a police officer and was acting as the employee, agent, or representative of the City of Chicago. His actions were taken under color of state law. He is being sued in his individual capacity. Plaintiff does not yet know his name but will seek to identify him through discovery in this case.

10. At all times herein mentioned, "John Doe No. 2" was employed by the City of Chicago as a police officer and was acting as the employee, agent, or representative of the City of Chicago. His actions were taken under color of state law. He is being sued in his individual capacity. Plaintiff does not yet know his name but will seek to identify him through discovery in this case.

11. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

12. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

13. On July 19, 2017, in the afternoon, X.C. was walking home from work.

14. On that day and at that time, X.C. walked through the 7th District Chicago police station parking lot located on the southwest corner of 63rd St. and Loomis.

15. Two white Chicago police officers (John Does No. 1 and 2) called out to X.C. and called him a "nigger."

16. These officers then arrested X.C. and caused him to be detained at the 7th District police station.

17. They then caused X.C. to be further detained at the Chicago Juvenile Intervention Support Center at 3900 S. California Ave.

18. The police officers had no legal cause to arrest X.C.—he had committed no crime.

19. The defendant officers proceeded to charge X.C. with 720 ILCS 5/21-5-A, "criminal trespass to state land."

20. The police had no legal cause to cause X.C. to be charged with that crime.

21. Under that statute, a person commits criminal trespass to State supported land when-

> "he or she enters upon land supported in whole or in part with State funds, or federal funds administered or granted through State agencies or any building on the land, after receiving, prior to the entry, notice from the State or its representative that the entry is forbidden, or remains upon the land or in the building after receiving notice from the State or its representative to depart, and who thereby interferes with another person's lawful use or enjoyment of the building or land."

720 ILCS 5/21-5-A.

22. X.C. received no notice that his entry was forbidden; he did not remain upon any land after being given notice to depart; and he never interfered with another person's lawful use or enjoyment of any land.

23. These two officers acted with malice and without probable cause when they arrested X.C. and charged him with a crime for walking through a parking lot.

24. X.C. was harmed emotionally by the above-described events.

25. The actions of these officers were willful, wanton, and malicious and were done with reckless indifference to and callous disregard for X.C.'s rights.

26. Plaintiff requests punitive damages against the officers (once their identity is ascertained) to punish and deter them and to deter other police officers from similar conduct.

27. X.C.'s mother has had to retain an attorney to render legal assistance to her and her son in this civil action so that she might vindicate the loss of his constitutional rights.

### Count I: Unreasonable Seizure against John Does 1 & 2

28. Plaintiff hereby incorporates and re-allege paragraphs one (1) through twenty-seven (27) though fully set forth at this place.

29. The Fourth Amendment[1] provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated..." U.S. Const., amend. IV.

30. The two John Doe police officers violated X.C.'s constitutional rights by arresting him without legal cause; causing him to be detained in police lock up and then in the Chicago Juvenile Intervention Support Center; and falsely charging him with a crime.

31. Therefore, they are liable to Plaintiff under 42 U.S.C. § 1983.

### Count II: Equal Protection Violation against John Does 1 & 2

32. Plaintiff hereby incorporates and re-allege paragraphs one (1) through twenty-seven (27) though fully set forth at this place.

33. The Fourteenth Amendment provides "No state shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

34. The officers arrested X.C. for no reason and revealed their racial animus by calling him a "nigger."

35. As a result, these officers denied X.C. equal protection of the laws.

36. Therefore, they are liable to Plaintiff under 42 U.S.C. § 1983.

### Count III: Against City of Chicago
### For Indemnification pursuant to Illinois statute

37. Plaintiffs hereby incorporate and re-allege the above paragraphs as though fully set forth at this place.

38. Pursuant to 745 ILCS 10/9-102, the City of Chicago is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated

---

[1] applicable to the states through the 14th Amendment

attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in that Article.

39. The acts of the two officers were committed within the scope of their employment.

40. In the event that a judgment for compensatory damages is entered against any or all of the individual defendants, the City of Chicago must pay the judgment[2] and may pay the associated attorneys' fees and costs.

WHEREFORE, SALESHEA PETERSON, on behalf of her minor son X.C., by and through her attorney, Law Office of Julie O. Herrera, request that the Defendants be found liable and that:

a. all defendants be ordered to pay plaintiff's compensatory damages;

b. all defendants be ordered to pay plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

c. the individual defendants be ordered to pay punitive damages; and

d. all defendants be ordered to pay plaintiffs' costs.

Respectfully submitted,

BY:    _Julie O. Herrera_

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com

---

[2] excluding punitive damages